IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

INDUSTRIAL & CRANE SERVICES, INC.                                        PLAINTIFF

v.                                                                    CAUSE NO. 1:17CV162-LG-RHW

DAVIS INDUSTRIAL SERVICES, LLC
and BRIAN SCOTT DAVIS                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [17] Motion for Summary Judgment filed by Defendants Davis Industrial Services, LLC and Brian Scott Davis. The Motion has been fully briefed by the parties. After due consideration of the issues presented and the relevant law, it is the Court's opinion that the Motion should be granted in part and denied in part.

BACKGROUND

Defendant Brian Scott Davis was employed by Plaintiff Industrial Crane & Services, Inc. as a vice president. Davis was responsible for managing Industrial's business relationships with CF Industries and GM Metal Stamping. Industrial alleges that before and after Davis left its employ at the end of 2015, he interfered with its contractual and business relationships with CF Industries and GM Metal Stamping. Industrial alleges that Davis' interference resulted in its loss of the business of CF Industries and GM Metal Stamping. Industrial brings claims against Davis and Davis Industrial Services, LLC of tortious interference with contract and existing business relationships, unfair competition, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and misappropriation of

trade secrets.  Industrial seeks injunctive relief, and compensatory and punitive damages.

Defendants filed this summary judgment motion asserting the lack of a question of material fact concerning all of Industrial's claims.  In its response, Industrial expressly conceded two claims: unfair competition and misappropriation of trade secrets.  (Pl. Resp. Mem. 5, 10, ECF No. 21).  The Court analyzes the remaining claims below.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).  Because this case arises under the Court's diversity jurisdiction, Mississippi substantive law applies.  *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014).

1. **Tortious Interference with Contract and Existing Business Relationships**

The Fifth Circuit has set out the elements necessary to establish the tortious interference claims brought by Industrial.

> Pursuant to Mississippi law, tortious interference with business relations requires showing: "(1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual loss and damage resulted." *PDN, Inc. v. Loring*, 843 So. 2d 685, 688 (Miss. 2003). In addition to the above elements, *tortious interference with contract* includes malicious interference with a valid contract. *Levens v. Campbell*, 733 So. 2d 753, 759-61 (Miss. 1999).

*Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 458-59 (5th Cir. 2005) (emphasis in original).

Industrial alleges that Davis, using the information and relationships he acquired while employed by Industrial, began negotiating with CF Industries and GM Metal Stamping, and caused those companies "to break ongoing contractual negotiations with" Industrial. (Compl. 2, ECF No. 1-2). Davis was able to acquire the business of CF Industries and GM Metal Stamping for his own business, Davis Industrial Services, LLC. (*Id.*). Industrial also alleges that Davis' actions caused CF Industries and GM Metal Stamping to breach their existing contracts with Industrial. (*Id.* at 3).

Defendants argue that Industrial is unable to show any evidence of any of the elements of these interference claims. Initially, the Court notes that Industrial does not argue that there was an existing, valid contract between itself and CF

Industries or GM Metal Stamping, and there is none in the record. From the deposition testimony of Industrial's owner, it appears that CF Industries chose to have Davis perform crane inspections in September or October 2015 that Industrial expected to perform. (Pl. Resp. Ex. A, at 116, ECF No. 20-1). Also, Davis and Industrial's owner agree that Davis did not have any business transactions or relationship with GM Metal Stamping after Davis left Industrial. (*Id.* at 115-16; Def. Mot. Ex. A, at 2, ECF No. 18-1). Therefore, the evidence in the record narrows Industrial's potential claim to tortious interference with existing business relationship between Industrial and CF Industries. The Court finds the evidence sufficient to create a question of material fact for the jury as to this claim.

Tortious interference with a business relationship "occurs when a person unlawfully diverts prospective customers away from one's business." *Par Indus., Inc. v. Target Container Co.,* 708 So. 2d 44, 48 (Miss. 1998). *See also Cenac v. Murry,* 609 So. 2d 1257, 1268 (Miss. 1992) (explaining that tortious interference with business relationships occurs "when a wrongdoer unlawfully diverts prospective customers away from ones business thereby 'encouraging' customers to trade with another."). Industrial provides evidence that while Davis was still employed by Industrial, he sent emails to CF Industries telling them to put off their crane inspections until he could contact them personally in thirty days. (Pl. Resp. Ex. A, at 116, ECF No. 20-1). These are intentional and willful acts, satisfying the first element. Whether the acts were calculated to cause damage or done with the unlawful purpose of causing damage and loss are questions of motive and intent not

appropriate for resolution on summary judgment. *See Cooper Tire & Rubber Co.*, 423 F.3d at 459. Additionally, Industrial provides some evidence that it suffered actual loss and damage as a result. Therefore, the Court denies summary judgment in regard to Industrial's claim of tortious interference with existing business relationship between itself and CF Industries. However, the defendants are entitled to summary judgment in regard to the tortious interference with contract claims and the claim of tortious interference existing business relationship between Industrial and GM Metal Stamping.

**2.     Breach of the Duty of Good Faith and Fair Dealing**

Industrial claims that Davis owed it a duty of good faith and fair dealing while he worked for Industrial. Although Mississippi law recognizes that every contract contains an implied covenant of good faith and fair dealing, *Merchants & Planters Bank of Raymond v. Williamson*, 691 So. 2d 398, 405 (Miss. 1997), there is no evidence of an employment contract between Industrial and Davis. "The implied covenant operates only where there is already an existing contract. . . . With no existing contractual obligation, there can be no implied covenant." *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1248-49 (Miss. 2000). Defendants are entitled to summary judgment as to the claim of breach of the duty of good faith and fair dealing.

**3.     Breach of Fiduciary Duty**

Industrial asserts that Davis owed it a duty of loyalty stemming from his fiduciary duty to his employer, and that by steering customers away from Industrial

toward his own business, Davis breached a duty owed to Industrial.

"Mississippi courts generally do not recognize a fiduciary duty between an employer and employee." *Mitchell v. Tower Auto. Operations USA I, LLC*, No. 3:12CV403-CWR-FKB, 2014 WL 580141, at *2 (S.D. Miss. Feb. 12, 2014) (citing *Guthrie v. JC Penney Co.*, 803 F.2d 202, 211 (5th Cir.1986) (affirming the dismissal of employee's breach of fiduciary duty claim because Mississippi is an "at-will" state and there is no fiduciary duty owed to an employee by an employer)); *see also Watkins v. United Parcel Serv., Inc.*, 797 F. Supp. 1349, 1362 (S.D. Miss.), aff'd, 979 F.2d 1535 (5th Cir. 1992) ("No Mississippi court has created a fiduciary relationship or allowed a claim for breach of a fiduciary duty based on a mere employment contract or relationship between an employer and employee."). Nevertheless, a district court has found a fiduciary relationship in the employment context where the employee "clearly had more authority and responsibility than a normal employee and due to his bilingual status in a country thousands of miles from [the employer's] home base of Tupelo, Mississippi, his relationship to [the employer] would have been one of a fiduciary." *Block Corp. v. Nunez*, No. 1:08-CV-53, 2008 WL 1884012, at *3-4 (N.D. Miss. Apr. 25, 2008).

In this case, Industrial argues nothing more than that "Davis as an employee of ICS, was the agent of ICS. Thus, Davis'[ ] actions in emailing ICS's customers or potential customers and telling them not to do business with them violated this 'fiduciary relationship.'" (Pl. Resp. Mem. 10, ECF No. 21). It is clear that a mere employment relationship does not in and of itself create a fiduciary duty under

-6-

Mississippi law.  There is no evidence that the relationship between Industrial and Davis exceeded that of a typical at-will employment relationship.  The Court therefore finds that Defendants are entitled to summary judgment in regard to the breach of fiduciary duty claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [17] Motion for Summary Judgment filed by Defendants Davis Industrial Services, LLC and Brian Scott Davis is **DENIED** as to Plaintiff's claim of tortious interference with business relationship as set out above and **GRANTED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE